# Brown et al., Appellants, *v.* Mutual Trust Company.

*Banks and banking—Arrangement to pay overdrafts—Liability to payee upon dishonor of check—Trespass—Torts.*

1. The mere fact that a trust company for a number of months regularly paid checks used for the purchase of securities for large amounts when the drawer did not have sufficient funds on deposit to meet them, under an arrangement with the drawer that the deficit would be made up the next day by a deposit of the proceeds of the sales of securities so procured, did not render the trust company liable to a payee of checks which were dishonored by it upon presentation for payment, on the theory that the drawer had been guilty of torts or misdemeanors in issuing the overdrafts and the trust company was an aider and abettor, where it did not appear that the payee had any knowledge of the arrangements between the drawer and the trust company under which it agreed to extend credit by paying the overdrafts or that the trust company had done anything which had come to the knowledge of the payee, leading it to believe that, even if the checks were overdrafts, they would be paid.

*Criminal law—Check drawn on bank without sufficient funds—Act of April 1, 1919, P. L. 70—Arrangement with bank—Meaning of "credit."*

2. One who draws a check for the payment of money upon a banking institution with knowledge that there are not sufficient funds for the payment of such check, but under an arrangement with the bank that such overdrafts would be paid, is not guilty of

a misdemeanor under the Act of April 19, 1919, P. L. 70, inasmuch as the act recognizes the right of a depositor in a bank to overdraw his account on credit with the bank.

Argued March 25, 1920.    Appeal, No. 284, Jan. T., 1920, by plaintiffs, from judgment of C. P. No. 5, Phila. Co., Sept. T., 1919, No. 4825, in favor of defendant, in case of Armitt Brown and Frederick W. Cavanagh, copartners, trading as Armitt Brown & Co. and Danser & Co. v. Mutual Trust Company.    Before BROWN, C. J., MOSCHZISKER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Trespass for torts in issuing overdraft and aiding and abetting same.    Before MARTIN, P. J.

The facts are stated in the opinion of the Supreme Court.

Judgment for defendant on affidavit of defense raising question of law.    Plaintiff appealed.

*Error assigned* was judgment, quoting it.

*Reynolds D. Brown,* with him *Malcolm Lloyd, Jr.,* for appellants.—Aiding and abetting a third party in the commission of a tort renders the aider and abettor liable for the tort jointly with the principal wrongdoer: Cooper v. Johnson, 81 Mo. 483; Adams v. Cook, 100 Atl. 42; Mack v. Kelsey, 61 Vt. 399; Patten v. Gurney, 17 Mass. 185; Frantz v. Lenhart, 56 Pa. 365; McElroy v. Harnack, 213 Pa. 444; Stewart v. Wright, 147 Fed. 321.

*R. Stuart Smith,* for appellee, cited: Bank of Republic v. Millard, 10 Wall. (U. S.) 152; People v. St. Nicholas Bank, 77 Hun (N. Y.) 159.

*Prichard, Saul, Bayard & Evans,* filed a printed brief by leave of court on behalf of Parrish & Co., having a similar claim, citing: Rogers v. Vicksburg S. & P. R. Co., 194 Fed. 65.

OPINION BY MR. CHIEF JUSTICE BROWN, May 17, 1920:

The judgment from which we have this appeal by the plaintiffs was entered on a question of law raised in the affidavit of defense filed to the statement of their cause of action.  They sued in trespass to recover damages which they allege were suffered through the tortious conduct of the defendant, and the averments in support of their claim are to be taken as true.  Danser & Company, a corporation, engaged in the purchase and sale of securities, kept an account with the Mutual Trust Company, the appellee, and, from January 1, 1919, until August 13th of the same year, constantly drew checks in favor of a number of parties for large amounts against its account, without having sufficient funds on deposit to meet them; but they were paid by the trust company under an arrangement or agreement with the drawer that they would be paid.  The checks so issued— largely in excess of deposits to meet them on the day they were presented for payment—were regularly paid until August 13, 1919, when checks drawn in favor of the appellants by Danser & Company on the appellee were dishonored upon presentation for payment, and to recover the balance due on them this action was brought. The arrangement under which the appellee agreed to pay the overdrafts of Danser & Company, and for which it was to be paid a certain charge on the moneys advanced by it in paying them, was that Danser & Company should deposit the proceeds of its sales of securities purchased by it the preceding day on overdrafts which the appellee had honored.  In other words, Danser & Company would purchase securities, and in payment of them issue overdrafts on the appellee, which were paid by it on presentation, and the deficit was made up the next day by a deposit of the proceeds of the sales of the securities so procured.  There is no averment that the appellee knew Danser & Company was insolvent, or that there was any conspiracy between them to perpetrate a fraud upon any one.  The sole ground relied

upon for recovery is that Danser & Company had been guilty of torts or misdemeanors in issuing their overdrafts, and the appellee, as aider and abettor, is liable for the consequences of the wrongs done the appellants by the overdrafts issued to them.

It is averred by the appellants that Danser & Company, by its overdrafts, had committed a series of misdemeanors under section 1 of the Act of April 18, 1919, P. L. 70, which is as follows: "Any persons who, with intent to defraud, shall make or draw or utter or deliver any check, draft, or order for the payment of money, upon any bank, banking institution, trust company, or other depository, knowing, at the time of such making, drawing, uttering, or delivering, that the maker or drawer has not sufficient funds in, or credit with, such bank, banking institution, trust company, or other depository, for the payment of such check, although no express representation is made in reference thereto, shall be guilty of a misdemeanor." It is to be observed that this section recognizes the right of a despositor in a bank to overdraw his account on "credit" with the institution, and section 4 of the act provides that "the word 'credit,' as used herein, shall be construed to mean any arrangement or understanding with the bank, banking institution, trust company or other depository for the payment of such check, draft or order." The averment in the statement of claim that Danser & Company had violated the first section of the Act of 1919 falls before another averment of the plaintiffs that the overdrafts had been paid under an arrangement with the bank that they would be paid. With the alleged misdemeanor out of the case, what is there in the statement of claim to fix liability upon the appellee?

It is not averred that the appellants ever had any knowledge of the arrangement or understanding between Danser & Company and the appellee, under which it agreed to extend "credit" by paying the overdrafts, and, therefore, the appellants could not have been mis-

led by the agreement between them. Nothing can be gathered from the statement of claim except that the plaintiffs extended credit to Danser & Company by accepting its checks for large amounts in payment of securities purchased by and delivered to it, without making any inquiry of the appellee whether the checks were good, and up to the time they were so accepted the appellee had done nothing which had come to the knowledge of the appellants, leading them to believe that, even if the checks were overdrafts, they would be paid. The information which the appellants subsequently obtained as to the arrangement or understanding between the appellee and Danser & Company does not help them, for though it might well have been open to criticism by the stockholders of the bank, or the banking department, it was not in itself unlawful. Each overdraft paid by the trust company became at once a liability of the drawer to it which no statute nor rule of law forbade it to assume. It merely extended lawful, though perhaps unwise, credit to the depositor, by agreeing to pay the overdrafts, to be terminated, however, at any time the bank might conclude it would no longer incur the risk of the failure of the depositor to make its account good. Reduced to its last analysis, this is the exact situation here presented, and no conceivable liability of the appellee to the appellants is disclosed.

The assignments of error are overruled and the judgment is affirmed.